UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | ELECTRONICALLY FILED |
| WAYNE SWAN, JR., ) | Case No. 16-10004-13 |
| MARVA RENEE SWAN, ) | |
| Debtor(s). ) | |

## MOTION OF MERITRUST CREDIT UNION TO MODIFY STAY

Meritrust Credit Union, respectfully represents:

1. The debtors filed a petition under Chapter 13 of the Bankruptcy Code on January 4, 2016. The debtors have continued in possession of the property in the bankruptcy estate.

2. Meritrust Credit Union, is the holder of a claim against the debtors.

    a. As of the date of the filing of this motion, the balance due is $4,210.65;

    b. Debtors have made principal payments in the amount of $8,867.25 since the filing of debtor's petition:

    c. The Movant's best estimate of the value of the collateral is $6,500.00;

    d. The identity of persons claiming an interest in the subject property are:

    Marva R. Swan
    Meritrust Credit Union

3. Meritrust Credit Union, has a valid security interest in the following described property:

    **2007 CADILLAC CTS, VIN#1G6DP577970113455
    and all shares in the Credit Union**

    A copy of relevant portions of the disclosure, proof of perfection, security agreement and promise to pay are attached hereto. The documents attached may not be all relevant documents and may not include the backs of some documents. (Additional documents or supplements are available upon request.)

4. Meritrust Credit Union has a lien on insurance proceeds on the 2007 Cadillac CTS, which has been damaged in a collision and which debtors wish to surrender.

5. Meritrust Credit Union, does not have and has not been offered, adequate protection for its interest in the security listed in paragraph 3.

6. If Meritrust Credit Union, is not permitted to foreclose its security interest in said security, it will suffer irreparable injury, loss and damage.

WHEREFORE, Meritrust Credit Union, prays that upon final hearing of this Motion, the Stay pursuant to 11 U.S.C. § 362 be modified to permit it to recover its security interest in the property referred to above; the 14 day stay provided by Bankruptcy Rule 4001(a)(3) be waived; and that it have such other and further relief as is just and proper.

Respectfully submitted,

BRUCE & LEHMAN, L.L.C.
S/ J. Michael Lehman
J. MICHAEL LEHMAN, #09831
P.O. Box 75037
Wichita, KS 67275-5037
Telephone: 316-264-8000
Facsimile: 316-267-4488
Mlehman@KsAdvocates.com
Attorney for Meritrust Credit Union

# RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

No. 
Date 03/20/14

Seller: SUBARU OF WICHITA
11610 E Kellogg Dr.
Wichita, KS 67207

"We" and "us" mean the Seller above, its successors and assigns.

Buyer: MARVA R SWAN

"You" and "your" mean each Buyer above, and guarantor, jointly and individually.

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2007 | VIN 1G6DP577970113455 | Other: |
|---|---|---|---|
| | Make CADILLAC | Lic. No./Year | |
| | Model CTS | ☐ New ☒ Used | Received |

Description of Trade-In: 2004 CADILLAC SRX  1GYDE63A740131629
N/A  N/A  N/A  N/A

MAY 21 2014

**SECURITY:** You give us a purchase money security interest in the property described below, including all accessions, attachments, accessories, equipment and all proceeds from the property. This security will be collateral, not only for the money being advanced in connection with this transaction, but will also be collateral for any and all other obligations you have to the seller, its successors or assignees and additionally will secure any future obligation you may have to the seller, its successors or assignees. In addition to a security interest in the collateral described below, you give a security interest in any products, proceeds, successions and replacements now or hereinafter required. **WARRANTY INFORMATION IS SUPPLIED TO YOU SEPARATELY.**

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 15,138.15, plus finance charges accruing on the unpaid balance at the rate of 14.000 % per year from today's date until paid in full. If goods are delivered or services performed more than 10 days after the contract date, finance charges will begin to accrue on the date of delivery or performance. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☒ **ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ 100.00 that will be ☐ paid in cash. ☒ added to the Cash Price.

☒ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ 7.50 if you pay this Contract in full before we have earned that much in finance charges.

☒ **INSUFFICIENT CHECK CHARGE:** You will have to pay a charge of $ 30.00 if a payment of yours by check is dishonored for insufficient funds, subject to the limitations of Kan. Stat. Ann. § 16a-2-501.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 14.252 % | $ 7,507.21 | $ 15,038.15 | $ 22,545.36 | $ 22,545.36 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 71 | 313.13 | MONTHLY BEGINNING | 04/29/14 |
| 1 | 313.13 | DUE | 03/29/20 |

**Security:** You are giving a security interest in the Motor Vehicle purchased, shares and/or deposits in this Credit Union, all other collateral you have in which you have or will grant a security interest.

☒ **Late Charge:** If a payment is more than 10 days late, you will be charged 5% of the unpaid amount of a payment that is more than 10 days late up to $25.00.

**Prepayment:** If you pay off this Contract early, you ☒ may ☐ will not have to pay a Minimum Finance Charge.
☒ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds.

**OPTIONAL CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other credit insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint Prem. $ ___N/A___ Term _____

**Credit Disability:** Insured _____
☐ Single ☐ Joint Prem. $ ___N/A___ Term _____

**Credit Unemployment:** Insured _____
☐ Single ☐ Joint Prem. $ ___N/A___ Term _____

Your signature below means you want (only) the credit insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer _[signature]_  d/o/b    Buyer _____ d/o/b

☐ **SINGLE-INTEREST INSURANCE:** You must purchase single-interest insurance as part of this sale transaction and the insurer will have no right of subrogation against you. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ ___N/A___ for _____ of coverage.

**GAP PRODUCT:** A debt cancellation product, either gap coverage or gap waiver contract ("Gap Product"), is not required to obtain credit and will not be provided unless you sign and agree to pay the extra cost. If you purchase a Gap Product from or through us, you will pay $ __800.00__ for __72 MOS__ of coverage. See your gap policy, certificate, or contract for details on the protection it provides. Your signature below means you want the optional Gap Product for the stated amount and term. If no amount or term is stated, you have declined any such Gap Product offered.

Buyer _[signature]_    Buyer _____

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ __500.00__. If you get insurance from or through us you will pay $ ___N/A___ for _____ of coverage.

This premium is calculated as follows:
☐ $ N/A Deductible, Collision Coverage $ ___N/A___
☐ $ N/A Deductible, Comprehensive Cov. $ ___N/A___
☐ _____ Fire-Theft and Combined Additional Coverage $ ___N/A___
☐ _____ $ ___N/A___

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____ _____. This Service Contract will be in effect for _____.

**ASSIGNMENT:** This Contract and Security Agreement is assigned to MERITRUST CREDIT UNION, 8710 E. 32ND ST NO., WICHITA, KS 67226, the Assignee, phone 316-683-1199. This assignment is made ☒ under the terms of a separate agreement and under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse. Seller will indemnify Assignee for all losses due to Seller's modification or preprinted terms of this contract.

Seller: By _[signature]_ Date 03/20/14

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ 538.18 ) | $ | 12,266.18 |
| Service Contract, Paid to: _____ | * $ | N/A |
| **Cash Price** | $ | 12,266.18 |
| Manufacturer's Rebate | $ | N/A |
| Cash Down Payment | $ | N/A |
| Deferred Down Payment | $ | N/A |
| a. Total Cash/Rebate Down | $ | N/A |
| b. Trade-In Allowance | $ | 4,500.00 |
| c. Less: Amount owing | $ | 6,168.97 |
| Paid to (includes f.): CREDIT UNION OF AMERICA | | |
| d. Net Trade-In (b. minus c.) | $ | 1,668.97- |
| e. Net Cash/Trade-In (a. plus d.) | $ | 1,668.97- |
| f. Amount to Finance line e. (if e. is negative) | $ | 1,668.97 |
| Down Payment (e.; disclose as $0 if negative) | $ | 0.00 |
| **Unpaid Balance of Cash Price** | $ | 13,935.15 |
| Paid to Public Officials - Filing Fees | $ | 4.00 |
| Insurance Premiums* | $ | N/A |
| To: _____ | $ | N/A |
| To: _____ | $ | N/A |
| To: _____ | $ | N/A |
| To: _____ | $ | N/A |
| To: ADMIN FEE TO DEALER | $ | 299.00 |
| To: TFS GAP | $ | 800.00 |
| To: _____ | $ | N/A |
| To: _____ | $ | N/A |
| To: _____ | $ | N/A |
| To: _____ | $ | N/A |
| To: ADTL FIN CHG TO MCU | $ | 100.00 |
| Total Other Charges/Amounts Pd. to Others | $ | 1,203.00 |
| Less: Prepaid Finance Charges | $ | 100.00 |
| **Amount Financed** | $ | 15,038.15 |

*We may retain or receive a portion of this amount.

☒ **KANSAS UCCC APPLIES:** Even if the Kansas Uniform Consumer Credit Code would not otherwise apply, this Contract is a consumer credit transaction. This Contract is, therefore, subject to the Kansas UCCC, including the permissible rates and charges.

## NOTICE TO BUYER

(1) **Do not sign this agreement before you read it.**
(2) **You are entitled to a copy of this agreement.**
(3) **You may prepay the unpaid balance at any time without penalty.**

By signing below, Buyer agrees to the terms on pages 1 and 2 of this Contract and acknowledges receipt of a copy of this Contract.

Buyer _[signature]_ Signature  Date 03/20/14

Signature _____  Date _____

Seller: By _[signature]_

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**BALLOON PAYMENT:** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due. You may do so on terms no less favorable than the terms agreed to in this Contract. This right does not apply if your payment schedule is adjusted for seasonal or irregular income.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the Insurance company named in your policy or certificate of insurance if the refund is $1.00 or more.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract. You agree that you are purchasing this motor vehicle for your personal use and that during the terms of this Contract you will make no modifications for any other use.
E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent. You will be the primary driver/operator of the Motor Vehicle.
F. You will pay all taxes and assessments on the Property as they become due.
G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
A. You fail to make a payment as required by this Contract; or
B. The prospect of payment, performance or realization of the Property is significantly impaired.

If you default, you agree to pay our costs for collecting amounts owing, including court costs, attorneys' fees, and fees for repossession, repair, storage and sale of the Property securing this Contract. The costs of collection will not include costs that were incurred by a salaried employee of ours, will not include recovery of both attorneys' fees and collection agency fees, and will not be in excess of 15% of the unpaid debt after default.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract and, if applicable, we gave you any required notice of right to cure for failure to make a required payment and you failed to cure any default, we will have all of the remedies provided by law and this Contract:
A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so, provided we give you prior notice and a reasonable opportunity to perform. However, we are not required to make any such payments or repairs. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid by us at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace, enter into a dwelling or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property, provided we give you prior notice and a reasonable opportunity to perform. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid by us at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
A. You must pay this Contract even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER: To the extent permitted by law, you agree to give up your rights to require us to do certain things. Except for giving a required notice of right to cure for the failure to make a payment, we are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.**

Buyer must be a member of Meritrust Credit Union, Wichita, Kansas. This contract is made, accepted and to be performed in Wichita, Kansas, and venue is proper exclusively in the 18th Judicial District Court, Wichita, Kansas.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.
K. All representations of value including, but not limited to, NADA printouts and "Like-invoice Vehicle" documentation actually reflect the value of the motor vehicle which is the subject of this contract.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

Exper̲a̲ © 1995, 1996 Bankers Systems, Inc., St. Cloud, MN Form RS-SI-MV-KS 9/13/2001 CUSTOMIZED-1 (page 2 of 2)

   

**Kansas Department or Revenue**

*Enter a Vehicle Identification Number, then click the search button.

VIN: 1G6DP577970113455    Search

**Motor Vehicle System (MVS) Current Lien(s) Information:**

| Select | Owner | Year | Make | Lender Name | Lien Type | Lender Number | Lien Date | SI Tracking Num |
|---|---|---|---|---|---|---|---|---|
| ☐ | Swan, Marva R | 2007 | CADILLAC | Meritrust Credit Union | Lien | 389 | 4/8/2014 10:06:25 AM | ████ |

*To release or cancel a lien, please check the box beside the lien and then click the appropriate link (Title Status must be "Approved" and Electronic must be "True" to release and "NA" to cancel). If title status is "Pending Approval" and you are needing further information, please contact your customer's local county treasurer's office for further assistance.

**Motor Vehicle System (MVS) Current Owner Information:**

**List only includes perfected Owners. SI Application Owners will not be posted below until the Title has matched with the SI App.

| Organization Name | First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|
|  | Marva | R | Swan |  |

Clear    Main Menu

Copyright Kansas Department of Revenue